IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,329-01






EX PARTE JOSE EDGAR HERNANDEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-0946780-H IN CRIMINAL DISTRICT COURT NO. 1


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of continuous sexual
abuse of a child and sentenced to imprisonment for life. The Fifth Court of Appeals affirmed his
conviction. Hernandez v. State, No. 05-10-00493-CR (Tex. App.--Dallas Oct. 27, 2011, pet. ref'd).

 Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he failed to inform Applicant of the State's plea offers. Applicant has alleged facts that, if
true, might entitle him to relief. Missouri v. Frye, 566 U.S. ___ , 132 S. Ct. 1399, 182 L. Ed. 2d 379
(2012). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court shall order trial counsel to respond to Applicant's claim. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law. If the trial court finds that 
the State made plea offers and counsel failed to timely convey these to Applicant, the trial court shall
determine whether there is a reasonable probability that Applicant would have accepted one of the
plea offers and that the plea would have been entered without the State canceling it and the trial court
refusing it. The trial court shall also determine whether there is a reasonable probability that the
"end result of the criminal process would have been more favorable by reason of a plea to a lesser
charge or a sentence of less prison time." Frye, 132 S. Ct. at 1409. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: October 3, 2012

Do not publish